UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,                                                              Case No. 2:07- cv- 15163

    Plaintiff/Counter Defendant,                                      Hon. Avern Cohn

v.                                                                                        Mag. Judge Mona Majzoub

HASSAN HARAJLI,

    Defendant/Counter Plaintiff,

and

AHMED HARAJLI, MOOSE SCHEIB a/k/a
MUSTAPHA M. CHEAIB, JOHN A. CONTI,
HAKIM FAKHOURY, JAMES PARRELLY,
FULL MOON PETRO HOLDINGS, LLC, a
Michigan limited liability company, and JOHN
DOE 1 identified only as "Pete", jointly and severally,

    Defendants.

_____/

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE<br>Steven A. Roach (P-39555)<br>Todd A. Holleman (P-57699)<br>Attorneys for Comerica Bank<br>150 W. Jefferson Avenue, Suite 2500<br>Detroit, MI 48226<br>(313) 963-6420 | LAW OFFICE OF CYRIL C. HALL, PC<br>Cyril C. Hall (P-19121)<br>Attorney for Hassan Harajli<br>149 Franklin Blvd.<br>Pontiac, MI 48341<br>(248) 333-7880 |
| ABBAS & ASSOCIATES, PC<br>Issam A. Abbas (P-64657)<br>Attorneys for Ahmed Harajli only<br>13119 W. Warren<br>Dearborn, MI 48126<br>(313) 581-9400 | |

_____/

**PLAINTIFF COMERICA BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT HASSAN HARAJLI'S COUNTER-COMPLAINT**

Plaintiff / Counter-Defendant Comerica Bank ("Comerica") responds to the Counter Complaint of Defendant Hassan Harajli as follows:

**ALLEGATION NO. 1**: That Defendant and Counter-Plaintiff is a resident of the City of New Boston, County of Wayne, State of Michigan.

**RESPONSE**: Comerica lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 1.

**ALLEGATION NO. 2**: That Plaintiff and Counter-Defendant, Comerica Bank is a banking corporation that transacts business in the County of Wayne, State of Michigan.

**RESPONSE**: Comerica affirmatively states that it is a Texas banking association and otherwise admits the allegations in Paragraph No. 2.

**ALLEGATION NO. 3**: That on a date certain, Defendant and Counter-Plaintiff, among others, filed a Complaint against Plaintiff and Counter Defendant seeking substantial damages and other relief.

**RESPONSE:** Comerica states that Defendant and Counter-Plaintiff, among others, filed a Complaint against Comerica on January 9, 2007 in the Wayne County Circuit Court. Comerica further states that Defendant and Counter-Plaintiff's Complaint was dismissed with prejudice on July 11, 2007 pursuant to the settlement placed on the record in open court on March 20, 2007. To the extent that the allegations in Paragraph No. 3 are inconsistent herewith, they are denied as untrue.

**ALLEGATION NO. 4:** That on January 31, 2007, Plaintiff and Counter-Defendant COMERICA BANK filed a separate Complaint in this Court seeking various forms and types of relief

**RESPONSE:** Comerica states that on January 31, 2007 Comerica filed in the Wayne County Circuit Court a verified complaint against Hassan Harajli, and others. To the extent that the allegations in Paragraph No. 4 are inconsistent herewith, they are denied as untrue.

**ALLEGATION NO. 5:** That on March 30, 2007, Defendant and Counter-Plaintiff, individually and on behalf of companies owned and/or controlled by him, entered into a settlement agreement with Plaintiff and Counter-Defendant, COMERICA BANK, that the parties placed on the record in open court. (See Defendant/Counter-Plaintiff's Exhibit "A").

**RESPONSE:** Comerica admits that on March 30, 2007, Hassan Harajli individually and on behalf of various companies owned and/or controlled by him entered into a settlement agreement with Comerica that the parties placed on the record in open court and in a signed term sheet. The entire transcript from the March 30, 2007 proceedings and term sheet are in the possession of all parties and are the best evidence of their contents. To the extent that any of the allegations in Paragraph No. 5 are inconsistent herewith, they are denied as untrue.

**ALLEGATION NO. 6:** That said recited agreement, which was placed, on the record provided, inter-alia:

> "... it involves a full resolution of both cases. The Fusion Oil versus Comerica case will be dismissed with prejudice and without costs.
>
> The receivership case will have a final order entered that involves the sale of the property. So that will result in the administrative closing of that case. There will be some additional orders because there is the power to sell, but only after notice to Mr. Hall on behalf of his clients and a regular motion hearing and an opportunity to come in. And obviously if Mr. Harajli or any of his companies or

3

anybody he knows wants to come in and offer to pay more than what the receiver has received as an offer, all the more power to him, that's great. We have no problem with that whatsoever."

**RESPONSE:** Comerica neither admits nor denies the allegations in Paragraph No. 6 for the reason that transcript from the March 30, 2007 proceedings and term sheet are in the possession of all parties and are the best evidence of their contents.

**ALLEGATION NO. 7:** That pursuant to said agreement Defendant and Counter-Plaintiff dismissed his lawsuit with pr[sic] and Plaintiff and Counter [sic] returned to Defendant and Counter Plaintiff, One Hundred Fifty Thousand ($150,000.00) Dollars, which was wrongfully seized and converted. Additionally, Plaintiff and Counter-Defendant's released their mortgage on Defendant and Counter-Plaintiff's residence and released Defendant and Counter-Plaintiff from personal liability.

**RESPONSE:** Comerica admits that it discharged its mortgage on Defendant and Counter-Plaintiff's residence and otherwise fully performed its obligations under the settlement agreement, but denies as untrue the remaining allegations in Paragraph 7.

**ALLEGATION NO. 8:** That Plaintiff and Counter-Defendant breached the contract by not permitting Defendant and Counter-Plaintiff the right to make an offer and pay more than the bids accepted by the receiver. That Plaintiff and Counter-Defendant further breached the agreement by directing the court and receiver to engage in a "bid-off" process when Defendant and Counter- Plaintiff would be denied his right to make an offer following the bids being received.

**RESPONSE:** Comerica denies the allegations in Paragraph No. 8 as untrue.

4

**ALLEGATION NO. 9:** That prior to the bid process, Plaintiff and Counter-Defendant, through his counsel via letters, moved to breach the contract. (See Exhibit "B")

**RESPONSE:** Comerica denies the allegations in Paragraph 9 as untrue.

**ALLEGATION NO. 10:** That as a direct result of Plaintiff and Counter-Defendant's aforesaid breaches, Defendant and Counter-Plaintiff sustained substantial damages.

**RESPONSE:** Comerica denies the allegations in Paragraph No. 10 as untrue.

**ALLEGATION NO. 11:** That the matter in controversy is within the jurisdiction of this Court because Defendant and Counter-Plaintiff seek damages in excess of Twenty Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

**RESPONSE:** The allegations in this paragraph state legal conclusions to which no answer is required. To the extent an answer is required, Comerica denies that Harajli has been damaged in any amount or that he is entitled to any relief.

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

Plaintiff/Counter Defendant Comerica Bank ("Comerica") may rely upon the following affirmative defenses at trial if supported by the facts ascertained in discovery or through investigation. By asserting the following affirmative defenses, Comerica does not assume any burden that Defendant/Counter Plaintiff Hassan Harajli might otherwise have:

1. Harajli's counter complaint is barred by the doctrines of res judicata and collateral estoppel because the same claims and previously disputed facts were adjudicated and resolved by the Wayne County Circuit Court, which entered a final order in favor of Comerica on those claims and previously disputed facts (Case No. 07-702855). Harajli subsequently appealed the Circuit Court's decision, but stipulated to an agreed upon dismissal of his appeal resulting in the

5

Circuit Court's order being final and nonappealable (Michigan Court of Appeals Docket Nos. 279760, 279763, 280666 and 280831 (consolidated)).

2. Harajli's counter complaint is an impermissible appeal of a state court order and is contrary to and barred by the Rooker-Feldman doctrine.

3. Harajli's counter complaint is barred by the terms of the settlement agreements.

4. Harajli's counter complaint is barred, in whole or in part, because Harajli has failed to state a claim upon which relief can be granted.

5. Harajli's counter complaint is barred, in whole or in part, because Harajli committed the first material breach of any purported contract between Comerica and Harajli.

6. Harajli's counter complaint is barred by the doctrine of unclean hands.

7. Harajli's counter complaint is barred, in whole or in part, by Harajli's failure to satisfy conditions precedent to Comerica's performance.

8. Harajli's counter complaint is barred, in whole or in part, by his failure to mitigate its damages, if any.

9. Harajli's counter complaint is barred, in whole or in part, because of laches, release, waiver, failure to assert his claims within a reasonable period of time, estoppel, and consent.

10. Harajli's counter complaint is barred, in whole or in part, because his alleged damages are speculative.

11. If Harajli's damages are as alleged, which is not admitted, such damages resulted in whole or in part from Harajli's own actions or inactions, or third-party actions, for which Comerica is not responsible.

12. By its acts and omissions, Harajli has consented to and has waived, and is estopped from complaining about, any alleged act or omission of Comerica, which acts and

6

omissions Comerica denies, and Comerica is excused of any liability to Harajli for any such acts or omissions.

13. Harajli's counter complaint is barred, in whole or in part, because Harajli's own conduct rendered Comerica unable to perform.

14. Comerica reserves its right to assert additional defenses as facts are revealed through discovery and may rely upon other and further affirmative defenses at trial.

### **RELIEF REQUESTED**

WHEREFORE, Comerica respectfully requests that Defendant's Counter Complaint be dismissed with prejudice, that it be awarded its costs, attorneys fees and that the Court order any other relief which is appropriate.

        MILLER, CANFIELD, PADDOCK AND STONE, PLC
        Steven A. Roach (P-39555)
        Todd A. Holleman (P-57699)
        Nelson O. Ropke (P-67575)
        Heather R. Bozimowski (P-68824)


        By  _s/ Todd A. Holleman
        Attorneys for Plaintiff/Counter Defendant
        150 W. Jefferson Avenue, Suite 2500
        Detroit, MI 48226
        (313) 963-6420
        holleman@millercanfield.com

Dated:  February 29, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- **Heather R. Bozimowski**
  bozimowski@millercanfield.com,Mays@Millercanfield.com

- **William F. Frey**
  wfrey@honigman.com,spozey@honigman.com

- **Steven A. Roach**
  roach@millercanfield.com,litzau@millercanfield.com

- **Nelson O. Ropke**
  ropke@millercanfield.com,litzau@millercanfield.com

Manual Notice List

    Gregory J. DeMars
    Honigman, Miller, Schwartz & Cohn, LLP
    660 Woodward Avenue
    Suite 2290
    Detroit, MI 48226-3506

    s/Todd A. Holleman
    Todd A. Holleman (P57699)
    Miller, Canfield, Paddock & Stone, P.L.C.
    150 W. Jefferson, Suite 2500
    Detroit, MI 48226
    313-496-7668
    holleman@millercanfield.com

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

DELIB:2945857.1\022754-01708